**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY, KANSAS**

| | |
|---|---|
| CERITA SOMRAK, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. |
| ) | |
| WALMART, INC., ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

COMES NOW Plaintiff, CERITA SOMRAK, by and through counsel, William L. Barr, Jr. and Bradley A. Pistotnik of Brad Pistotnik Law, P.A., and for Plaintiff's claims against Defendant, WALMART, INC. (WALMART), alleges and states:

1. Plaintiff, CERITA SOMRAK, is a citizen of Kansas.

2. This Court has proper venue and jurisdiction over the parties and subject matter.

3. Defendant, WALMART, INC. (WALMART), is a corporation incorporated under the laws of the State of Delaware and has its principal place of business in a State outside the State of Kansas. Defendant, WALMART, is a corporation that maintains and operates retail stores at locations both in Kansas and throughout the United States. It may be served in Kansas at the office of its registered resident agent, The Corporation Company, Inc. located at 112 SW 7th Street, Suite 3C, Topeka, Kansas 66603.

4. This action is brought pursuant to 28 U.S.C. Section 1332(a) on the basis of diversity of citizenship. The matter is in excess of the sum of Seventy-Five Thousand and no/100 Dollars ($75,000.00) exclusive of interest and costs.

5. Prior to and on June 12, 2019 Defendant, WALMART, was in the business of owning and

operating retail discount stores in Kansas and throughout the United States.

6. Prior to and on June 12, 2019 Defendant, WALMART, owned, maintained and operated a retail store open to the public at 6110 W Kellogg Drive, Wichita, KS 67209.

7. On June 12, 2019 Plaintiff, CERITA SOMRAK, was shopping as a business invitee in the above-mentioned store owned by Defendant, WALMART, and was at all times herein relevant in the exercise of reasonable care for her own safety.

8. On June 12, 2019 a large amount of clear liquid had been spilled on the floor and remained forming a large puddle in a customer aisle of the above-mentioned store.

9. On June 12, 2019 this puddle of clear liquid remained in the customer aisle for a sufficient amount of time to be observed by Defendant, WALMART, employees or it, actually, was observed by employees of Defendant, WALMART, yet no warning signs were placed.

10. At the above-mentioned time and place Plaintiff, CERITA SOMRAK, was walking in the above-mentioned customer aisle of the store owned and operated by Defendant, WALMART, and was caused to slip and fall by the slippery condition caused by the puddle of liquid in the subject customer aisle.

11. At the abovementioned time and place and at all times herein relevant, the actions and omissions of the employees, agents and independent contractors of Defendant, WALMART were the actions and omissions of Defendant, WALMART, both individually and under the doctrines of *Respondeat Superior* and Vicarious Liability and were negligent, careless, and wanton and include, but were not limited to:

   a) Creating a dangerous slip hazard by allowing a clear liquid to accumulate and remain in a high traffic customer aisle of its store;

   b) Allowing clear liquid to remain unattended on its floor in a high traffic area;

    c) Not warning of a slip hazard in a high traffic customer aisle of its store;

    d) Allowing a dangerous slip hazard to exist in a high traffic area;

    e) Failing to clean up accumulated liquid on the floor of a high traffic customer aisle;

    f) Failing to warn of accumulating liquid on the floor surface of a customer aisle;

    g) Failing to mop or wipe up accumulating liquid on the floor surface of a customer aisle during business hours;

    h) Failing to inspect the floor surface of its customer aisle for slip hazards;

    i) Failing to place signage warning its customers of the wet condition of its floor; and

    j) Was negligent and wanton in the operation and maintenance of its produce section in ways that will be disclosed during further discovery in this case.

12. As a proximate result of the wanton, negligent actions and omissions of the Defendant, WALMART, individually and by its employees, agents, independent contractors and servants plaintiff, CERITA SOMRAK, suffered injuries to her foot, ankle, knee, back, neck, head, shoulder and was otherwise injured and damaged. CERITA SOMRAK has been damaged with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, great medical expenses, economic loss, permanent disfigurement, and permanent disability. In the future, Plaintiff will suffer with pain, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement and permanent disability. For the aforementioned damages, Plaintiff has been damaged in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

WHEREFORE, Plaintiff, CERITA SOMRAK, prays for judgment against Defendant, WALMART, INC., in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for her damages, for her costs incurred in bringing this action, and for such other and

further relief as the Court deems just and equitable.

                **BRAD PISTOTNIK LAW, P.A.**

                */s/ Bradley A. Pistotnik*
                William L. Barr, Jr., # 26775
                Bradley A. Pistotnik, #10626
                10111 E. 21st Street North, Suite 204
                Wichita, Kansas 67206
                Ph: 316-684-4400 /Fax: 316-684-4405
                bill@bradpistotniklaw.com
                brad@bradpistotniklaw.com
                *Attorneys for Plaintiff*

## DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL

COMES NOW Plaintiff and demands a pretrial conference and a trial by jury in this matter.

## DESIGNATION FOR PLACE OF TRIAL

COMES NOW Plaintiff and designates Kansas City, Kansas as the place for trial in this matter.

                **BRAD PISTOTNIK LAW, P.A.**

                */s/ Bradley A. Pistotnik*
                Bradley A. Pistotnik, #10626